# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANDRE TURNER PRIMUS,**

    Petitioner,

v.                                      **CIVIL ACTION NO.: 3:16-CV-90**
                                             **CRIMINAL ACTION NO.: 3:12-CR-24**
                                             **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION[1]

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On July 8, 2016, Magistrate Judge Trumble issued his R&R finding the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), inapplicable to alter the Petitioner's career offender status and recommending that this Court deny and dismiss his 28 U.S.C. § 2255 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to review *de novo* those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a

---

[1] Unless otherwise noted, all citations to docket numbers in this Order reference entries in the above-styled criminal action.

waiver of *de novo* review and a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The Petitioner was served with the R&R on July 13, 2016, and timely filed objections. Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

The Petitioner argues that the Supreme Court's decision in Johnson renders his career offender designation under § 4B1.1 of the United States Sentencing Guidelines unconstitutional. Specifically, he claims that his 1996 New York conviction for first degree robbery is no longer considered a crime of violence under § 4B1.2(a) and thus cannot be considered a predicate offense for career offender enhancement purposes. The Petitioner avers that without the 1996 robbery conviction, he no longer has the required number of requisite offenses to qualify as a career offender under the Guidelines and therefore must be resentenced.

On November 10, 1995, the Petitioner was arrested in Brooklyn, New York, for first degree robbery. On July 18, 1996, he pled guilty and was sentenced to three to six years of imprisonment. In 1995, a person was guilty of first degree robbery in the state of New York if

> he forcibly [stole] property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> 1. Cause[d] serious physical injury to any person who is not a participant in the crime; or

> 2. [Was] armed with a deadly weapon; or
>
> 3. Use[d] or threaten[ed] the immediate use of a dangerous instrument; or
>
> 4. Display[ed] what appear[ed] to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

N.Y. Penal Law § 160.15 (1995). In 1995, and today, the offense of first degree robbery in New York requires, as an element, the use of force. Therefore, the Defendant's robbery conviction is considered a crime of violence under the elements clause—not the residual clause—of § 4B1.2(a).

In <u>Johnson</u>, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA") void as unconstitutionally vague. 135 S. Ct. at 2557. The ACCA's residual clause defines a "violent felony" as any crime punishable by a term of imprisonment in excess of one year that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Prior to August 1, 2016, the residual clauses under the ACCA and § 4B1.2(a)(2) of the Guidelines were identical. Courts are currently split as to whether <u>Johnson</u> applies to the residual clause in the Guidelines. In <u>Beckles v. United States</u>, No. 15-8544, 136 S. Ct. 2510 (2016), the Supreme Court will determine this issue.

Here, <u>Johnson</u> arguably could apply to invalidate the Defendant's career offender enhancement if his robbery conviction was labeled a crime of violence based upon § 4B1.2(a)'s residual clause. However, because the Defendant's robbery conviction falls under the elements clause of § 4B1.2(a),[2] <u>Johnson</u> is inapplicable. See <u>Mitchell v. United</u>

---

[2] The elements clause of § 4B1.2(a) defines a crime of violence as an offense punishable by a term of imprisonment in excess of one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

States, 15 Civ. 6379 (LGS), 2016 WL 1383511 (S.D.N.Y. Apr. 6, 2016). Furthermore, in addition to the elements clause, at the time of the Defendant's sentencing, the commentary of § 4B1.2(a) listed robbery as a crime of violence. U.S.S.G. § 4B1.2(a) cmt. n.1 (2011). Moreover, the Guidelines were recently amended to include robbery as an enumerated crime of violence under § 4B1.2(a)(2).

Upon careful review of the record, and finding no error,[3] it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 60 in 3:12-CR-24; ECF No. 5 in 3:16-CV-90] should be, and is, hereby **ORDERED ADOPTED**. The Court **ORDERS** that the Petitioner's § 2255 petition [ECF No. 55 in 3:12-CR-24; ECF No. 1 in 3:16-CV-90] is **DENIED** and **DISMISSED**.

The Court **ORDERS** that the Petitioner's Motion for Appointment of Counsel [ECF No. 64 in 3:12-CR-24] is **DENIED** as moot.

The Court **ORDERS** the above-styled civil case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Upon an independent examination of the record, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and therefore **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

---

[3] The Court is cognizant of the present posture of United States v. Jones, 105 F. Supp. 3d 233 (E.D.N.Y. 2015), which is the primary case cited in the R&R. Following entry of the R&R, the Second Circuit vacated and remanded the Jones decision. United States v. Jones, 830 F.3d 142 (2d Cir. 2016). However, the Second Circuit has since vacated its own decision and ordered the appellee's petition for rehearing and for rehearing en banc held in abeyance pending the Supreme Court's decision in Beckles. United States v. Jones, 838 F.3d 296 (2d Cir. 2016). The status of the Jones case does not alter the Court's decision in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** January 10, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE