# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANDRE TURNER PRIMUS,**

    Petitioner,

v.                                               **CIVIL ACTION NO.: 3:16-CV-90**
                                                   **CRIMINAL ACTION NO.: 3:12-CR-24**
                                                   **(GROH)**

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND[1]

Currently before the Court is the *pro se* Petitioner's Motion to Alter or Amend [ECF No. 67], in which he moves the Court, pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, to amend its January 10, 2017 Order denying relief under 28 U.S.C. § 2255. The Petitioner avers the Court's Order was based upon errors of law and fact, argues that his 1996 New York conviction for first degree robbery is not a crime of violence under § 4B1.2(a) of the United States Sentencing Guidelines and, additionally, claims that the Court erred in failing to apply the modified categorical approach.

Upon review and consideration, the Court declines to alter or amend its January 10, 2017 Order. Recently, the United States District Court for the Southern District of New York upheld a defendant's career offender enhancement based in part upon his previous conviction for attempted robbery in the first degree. Rainey v. United States,

---

[1] Unless otherwise noted, all citations to docket numbers in this Order reference entries in the above-styled criminal action.

14-CR-197 (JMF), 2017 WL 507294 (S.D.N.Y. Feb. 7, 2017). In Rainey, the court determined that valid and binding Second Circuit case law continues to define the offense of robbery under New York state law as a crime of violence for the purpose of career offender enhancement. Id. at *3. As a result, the court declined to grant relief under 28 U.S.C. § 2255, indicating that robbery "remains a crime of violence . . . even if . . . Johnson applies retroactively to the Guidelines." Id. (internal quotation omitted) (referring to Johnson v. United States, 135 S. Ct. 2551 (2015)). Based upon Rainey and other recent cases, this Court finds, as it did originally, that first degree robbery in the state of New York is a crime of violence under the elements clause—not the residual clause—of § 4B1.2(a).[2] See, e.g., United States v. Kornegay, 641 F. App'x 79, 85 (2d Cir. 2016). However, even if the offense falls under the residual clause, the Supreme Court's decision in Beckles v. United States, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), clarifies that Johnson relief does not extend to the Guidelines.

In light of the aforementioned, the Court **DENIES** the Petitioner's Motion to Alter or Amend [ECF No. 67] and **DENIES** his request to grant a certificate of appealability.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** March 9, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Additionally, as indicated in this Court's previous Order, at the time of the Petitioner's sentencing, the commentary of § 4B1.2(a) listed robbery as a crime of violence. On August 1, 2016, the Guidelines were amended to add it as an enumerated offense.